IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL F. RUMMEL, | : | CIVIL ACTION NO. **4:14-CV-0268** |
| | : | |
| Plaintiff | : | (Judge Brann) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| LEWISBURG POLICE, *et al.*, | : | |
| | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

**I.    BACKGROUND.**

On February 14, 2014, Plaintiff Daniel F. Rummel, an inmate confined at SCI-Albion located in Albion, Pennsylvania, filed, *pro se*, this instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* on that same date. (Doc. 2).

Plaintiff names the following Defendants in his three-paragraph form Complaint: (1) Lewisburg Police; (2) Sgt. Hefrick; (3) Corp. M. Herman; (4) Ptl. Jones; and (5) Six (6) John Doe Defendants. (Doc. 1, p. 1). Plaintiff indicates that SCI-Albion's grievance procedure is not applicable to his claims because the claims do not involve SCI-Albion. (*Id.*, p. 2). The Court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331 and § 1343(a). We will now screen Plaintiff's Complaint in accordance with § 1915 of the PLRA.

**II.    STANDARDS OF REVIEW.**

**A.    PLRA**

As stated, Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915. (Doc. 2). The Prison Litigation Reform Act of 1995,[1] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

### B. 42 U.S.C. § 1983

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski*

---

[1]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

*v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id*. Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.); *Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

To state a viable claim under § 1981, Plaintiffs "must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts." *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir.2001) (quotation omitted); *see also Blakney v. City of Philadelphia*, 2013 WL 2411409, *14 n. 8 (E.D.Pa. June 04, 2013).

C.    **MOTION TO DISMISS**

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578

<2>

<2>
</2>

<2>
</2>

> F.3d 203 (3d Cir.2009).
>
> > [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> >
> > *Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

### III.    COMPLAINT ALLEGATIONS.

In his three-paragraph, handwritten Statement of Claim, Plaintiff alleges that on September 10, 2011, Defendant Hefrick stated, "By forced entry ie (sic) intimidation; 'I don't give a dam about your disability.'"  (Doc. 1, p. 2).  Plaintiff next states, on October 26, 2011, "the officer (unknown) came back with Corp. Herman and six others." (*Id.*).  Next, Plaintiff states that Defendant Jones physically assaulted him during a wrongful arrest as well as

physically abused him. Plaintiff states that the seven other Defendants stood by and watched while laughing. (*Id.*). Plaintiff states that Defendant Jones slammed him into a chest high deck rail, twisted his arm and re-injured his wrist which was wrapped in a bandage. (*Id.*). Plaintiff states that his neck was injured by the slamming. (*Id.*). Plaintiff further complains of Defendant Herman's arrogance and states that he laughed at Plaintiff. (*Id.*). Finally, Plaintiff alleges that he was handcuffed behind his back despite the fact that they knew he had a broken wrist and he was dragged by his left injured arm re-injuring his wrist and his left shoulder. (*Id.*). Therefore, it appears Plaintiff is alleging that based on these facts, Defendants violated his Fourth Amendment protection from excessive force during an arrest. (*Id.*).

As relief, Plaintiff requests that the police officers be fired immediately because he is not the first handicapped[2] person to be assaulted. (*Id.*). As damages, Plaintiff requests all of his medical and legal bills be paid, all of his expenses for helping him with errands be paid and all expenses for special needs and travel to an out of area hospital. (*Id.*). Plaintiff further requests the Chief be replaced. (*Id.*). Plaintiff indicates that he wants to sue Defendants "personally as well."[3] (*Id.*). Furthermore, Plaintiff requests fifteen hundred ($1500.00) dollars per day for his

---

[2]Although Plaintiff intimates in his Complaint that he is handicapped, he does not assert the nature of his handicap.

[3]To the extent that Plaintiff is seeking monetary damages (*i.e.*, compensatory damages) against Defendants in their official capacity, we will recommend that this request for relief be dismissed with prejudice as Plaintiff can only seek monetary damages from Defendants in their personal capacity. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Mitchell v. Luckenbill*, 680 F.Supp. 2d 672, 681 (M.D. Pa. 2010); *Gale v. Stori*, 608 F.Supp. 2d 629, 636 (E.D. Pa. 2009).

wrongful imprisonment.[4] (*Id.*). Plaintiff also requests injunctive relief in the form of a temporary restraining order.[5] (*Id.*, p. 4).

Plaintiff does not indicate in his Complaint where the incident with Defendants occurred. Plaintiff's Court of Common Pleas of Union County Docket[6] indicates that Plaintiff was found guilty on May 14, 2013 after trial of Firearms not to be carried without a license, Terroristic threats and Simple assault. The charges stem from an arrest by Malcolm L. Herman, East Buffalo Township Police Department on October 13, 2011. On the same date, Plaintiff was also convicted of Simple assault and Terroristic threats which arose from an arrest by J. Frederick Hetrick, Jr. of the Lewisburg Police Department on September 23, 2011. It appears that these charges are related to Plaintiff's contact with Defendants.

IV.   DISCUSSION.

Although Plaintiff's Complaint is not clear, it appears that Plaintiff is alleging that Defendants violated his Fourth Amendment right to protection from excessive force during an

---

[4] Plaintiff's requests for specific amounts of monetary damages (Doc. 1, p. 3) should be stricken. Since Plaintiff seeks unliquidated damages, he cannot claim specific sums of relief. Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's requests for specific monetary damages should be stricken from his Complaint. *See Stuckey v. Ross*, Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure; *Said v. Donate*, Civil No. 07-1550, M.D. Pa.

[5] We will recommend that Plaintiff's request for a Temporary Restraining Order against Defendants be dismissed as Plaintiff is currently in SCI albion and Plaintiff has not indicated any allegations of ongoing abuse involving Defendants.

[6] We take judicial notice of the Pennsylvania state court docket sheets in this matter, which are available through Pennsylvania's Unified Judicial Docket System docket research at http://ujsportal.pacourts.us/, Court of Common Pleas of Union Criminal Docket Numbers: CP-60-CR-0000023-2012 and CP-60-CR-0000026-2012.

arrest when he alleges Defendant Jones slammed him into a chest high deck rail, twisted his arm and re-injured his wrist which was wrapped in a bandage. (Doc. 1, p. 2). Plaintiff states that Defendant Jones physically assaulted him during a wrongful arrest as well as physically abused him. (*Id.*). Plaintiff does not directly state any facts involving the Defendant Lewisburg Police Department anywhere in his Complaint, but rather only names the Lewisburg Police Department as a Defendant on page 1 of his Complaint in the Defendants section. (Doc. 1, pp. 1-3). Thus, Plaintiff does not assert any allegations or constitutional claims against Defendant Lewisburg Police Department. Rather, it appears that Defendant Frederick Hetrick, Jr. was a police officer employed by Defendant Lewisburg Borough Police Department.[7] Defendant Malcolm L. Herman was employed by the East Buffalo Township Police Department. It is unknown where Defendant Ptl. Jones or the other John Doe Defendants are employed.

The standard governing excessive force claims in the course of an arrest, investigatory stop or other type of seizure is specified by the United States Supreme Court in *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865 (1989). Pursuant to *Graham*, excessive force claims are analyzed under the Fourth Amendment's objective reasonableness standard. (*Id.*). Thus, because Plaintiff's claim arose while he was being arrested, Plaintiff's excessive force claim must be considered under the Fourth Amendment's reasonableness standard.

"A claim for excessive force under the Fourth Amendment requires a plaintiff to show that a seizure occurred and that it was unreasonable. *Curley v. Klem*, 298 F.3d 271, 279 (3d.

---

[7] The Borough of Lewisburg's website states that on February 6, 2012, the Lewisburg Police Department consolidated with East Buffalo Township Police forming the "Buffalo Valley Regional Police Department."

Cir. 2002); *Rivas v. City of Passaic*, 365 F.3d 181 (3d. Cir. 2004). A seizure of the plaintiff occurs "[w]henever an officer restrains the freedom of [the plaintiff] to walk away." *Tennessee v. Garner*, 471 U.S. 1, 7, 105 S.Ct. 1694 (1985). In the present case, as discussed, the allegations are vague at best alleging that a seizure of the Plaintiff occurred on October 26, 2011, as he was handcuffed by Defendant Jones and therefore not free to walk away. (Doc. 1, p. 2). Defendant Jones is the only Defendant which Plaintiff has clearly attempted to allege excessive force. Thus, the remaining issue is whether Defendant Jones' seizure of Plaintiff was unreasonable. To the extent Plaintiff, is attempting to allege excessive force against any of the other named or unnamed Defendants, we will recommend those claims be dismissed as Plaintiff's Complaint lacks allegations supporting an excessive force claim against any Defendant other than Jones.

The Third Circuit in *Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004)[8] stated:

> An excessive force claim must be evaluated "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" and "must embody the allowance for the fact that police officers are often forced to make split-second judgments -- in circumstances that are often tense, uncertain, and rapidly evolving -- about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97, 109 S.Ct. 1865. The inquiry turns on "objective reasonableness," meaning that the standard is whether the police officer's "actions [were] 'objectively reasonable' in light of the facts and circumstances" facing the officer, regardless of the officer's intent or motivation. *Id.* at 397, 109 S.Ct. 1865.

---

[8]*Rivas* is also found at 2004 WL 877645.

In the context of a §1983 claim, as we are presented with in this case, there is a three-part test to be applied in determining the reasonableness of the force which was used. The following factors are to be considered:

1. "the severity of the crime at issue;"

2. "whether the suspect poses an immediate threat to the safety of the officers or others;" and

3. "whether [the arrestee] is actively resisting arrest or attempting to evade arrest by flight. "

*Graham,* 490 U.S. at 396, 109 S.Ct. at 1867.

The *Rivas* Court stated that:

> Additional factors include "the possibility that the persons subject to the police action are themselves violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997). The reasonableness of the use of force is normally an issue for the jury. *See Abraham v. Raso*, 183 F.3d 279, 290 (3d Cir. 1999). While some courts "freeze the time frame" and consider only the facts and circumstances at the precise moment that excessive force is applied, other courts, including this one, have considered all of the relevant facts and circumstances leading up to the time that the officers allegedly used excessive force. *See, e.g., Abraham*, 183 F.3d at 291.

*Rivas*, 365 F.3d at 198.

Careful attention to the facts and circumstances of each particular case must be given, including the aforementioned three factors. *Graham,* 490 U.S. at 396. In analyzing these three factors in relation to the aforementioned facts, we find that Plaintiff has sufficiently alleged his Fourth Amendment excessive force claim as against Defendant Jones only. Plaintiff has alleged

personal involvement of Defendant Jones as he described this Defendant slammed him into a chest high deck rail, twisted his arm and re-injured his wrist which was wrapped in a bandage, and Plaintiff has alleged that a seizure occurred as he was restrained by handcuffs and thus not free to walk away. Also, Plaintiff has properly alleged that the force Defendant Jones used during the seizure was unreasonable because he avers that he was dragged by his left injured arm re-injuring his wrist and his left shoulder while he was handcuffed.

Thus, we will recommend that Plaintiff's Fourth Amendment excessive force claim against Defendant Jones be allowed to proceed.

With regard to Defendant Lewisburg Borough Police Department, Plaintiff has failed to sufficiently allege his Fourth Amendment excessive force claim against this Defendant. Plaintiff has not alleged any facts that indicate this Defendant's involvement in his claim beyond that based on the theory of *respondeat superior*.

Based on the above-detailed allegations in Plaintiff's Complaint, Plaintiff does not mention Defendant Lewisburg Borough Police Department at all. Rather, it appears Plaintiff named Lewisburg Borough Police Department as a Defendant merely because at least one Defendant, Hefrick, was employed by it and based on the doctrine of *respondeat superior*. This does not meet the requisite factual specificity to state a Fourth Amendment claim against Defendant Lewisburg Borough Police Department.

Defendant Lewisburg Borough Police Department cannot be held liable for the conduct of persons it supervises pursuant to *respondeat superior*. *Meyers v. Schuylkill Co. Prison*, 2006

WL 559467, *9 (M.D. Pa.).[9] Rather, Defendant Lewisburg Borough Police Department "[is] subject to liability [in a §1983 action] to the extent [it] maintain[ed] an unconstitutional custom or policy that caused the alleged constitutional violation." *Id*. (citation omitted). *See also Monnell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

In *Mangus*, the Court stated:

> With respect to such institutional defendants it is clear that a County cannot be held liable for the unconstitutional acts of its employees on the theory of respondeat superior. *See Monnell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Instead, [a plaintiff] must demonstrate that the violation of his rights was caused by either a policy or a custom of the [county]. *See Beck v. City of Pittsburgh,* 89 F.3d 966, 971 (3d Cir.1996). *Berg v. County of Allegheny,* 219 F.3d 261, 275 (3d Cir.2000).

2010 WL 521114, *3.

No such custom or policy is specifically alleged by Plaintiff with respect to Defendant Lewisburg Borough Police Department. Plaintiff does not make any allegations as described above against Defendant Lewisburg Borough Police Department necessary to make it subject to liability in this case. Plaintiff makes the passing reference in the Relief section of his Complaint, "I am not the first handicapped person to be assulted[sic] for a fictional crime, nor the last; 1year later was another incident involving a man on S.S.D - heart & asthma" without any further allegations to support his claim. (Doc. 1, p. 3). Based on *Malles and Meyers*, as well as *Magnus*, we find Plaintiff's allegations do not sufficiently state that Defendant Lewisburg Borough Police Department caused any alleged conduct of Defendants by having customs,

---

[9]*See also Mangus v. DCP*, 2010 WL 521114, *8-*6 (M.D. Pa.).

policies, practices and procedures, and how these policies gave rise to violations of his constitutional rights.

The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). Thus, we will recommend that Defendant Lewisburg Borough Police Department be dismissed without prejudice as we do not find futility in allowing Plaintiff to amend his Complaint to properly state a *Monell* claim against this Defendant.

As Plaintiff refers to a wrongful arrest in his Statement of Claim, we will now consider whether Plaintiff's Complaint state any constitutional claims against for false imprisonment and malicious prosecution with respect to the convictions referred to above which did not end in Plaintiff's favor.

It is well-settled that "[t]o prove malicious prosecution … a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) *the criminal proceeding ended in plaintiff's favor;* (3) the proceeding was initiated without probable cause; (4) *the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice*; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Estate of Smith v. Marasco,* 318 F.3d 497, 521 (3d Cir.2003) (emphasis added); *Kossler v. Crisanti,* 564 F. 3d 181, 186 (3d Cir. 2009); *Piazza v. Lakkis*, 2012 WL 2007112, *7 (M.D. Pa. June 5, 2012)(citation omitted). "[A] claim for malicious prosecution 'permits

damages for confinement imposed pursuant to legal process.'" *Piazza v. Lakkis*, 2012 WL 2007112, *8(citations omitted). Further, "a claim for malicious prosecution seeks to remedy 'the deprivation of liberty accompanying prosecution, not prosecution itself.'" *Piazza v. Lakkis*, 2012 WL 2007112, *8(citations omitted). Thus, "a Plaintiff's claim for malicious prosecution begins not with an arrest, which is not pursuant to legal process, but with the indictment." *Piazza v. Lakkis*, 2012 WL 2007112, *8(citations omitted).

A false arrest claim under §1983 also has an element requiring that Plaintiff show the criminal proceeding was initiated without probable cause. To succeed on a false arrest claim under § 1983, the Court in *Kokinda v. Breiner,* 557 F. Supp. 2d 581, 592 (2008 M.D. Pa.), stated:

> A claim under § 1983 for false arrest/false imprisonment is grounded in the Fourth Amendment guarantee against unreasonable seizures. *Garcia v. County of Bucks,* 155 F.Supp.2d 259, 265 (E.D.Pa.2001) (citing *Groman v. Twp. of Manalapan,* 47 F.3d 628, 636 (3d Cir.1995)). To maintain his false arrest claims, "a plaintiff must show that the arresting officer lacked probable cause to make the arrest." *Id.*
> "Probable cause exists when the totality of facts and circumstances are sufficient to warrant an ordinary prudent officer to believe that the party charged has committed an offense." *Id.*
>
> "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Groman v. Twp. of Manalapan,* 47 F.3d 628, 636 (3d Cir.1995). However, unlike a malicious prosecution claim, for which each criminal charge is analyzed independently, a false arrest claim will fail if there was probable cause to arrest for at least one of the offenses involved. *Johnson,* 477 F.3d at 75; *see also Barna v. City of Perth Amboy,* 42 F.3d 809, 819 (3d Cir.1994) (holding that for an arrest to be justified, "[p]robable cause need only exist as to any offense that could be charged under the circumstances").

*See also Cummings v. City of Phila.*, 137 Fed. Appx. 504, 506 (3d Cir. 2005).

In order for Plaintiff to prevail on his malicious prosecution and false imprisonment claims, he must satisfy each of the above stated elements. *Kossler v. Crisanti,* 564 F. 3d at 186.

As stated above, Plaintiff's Court of Common Pleas of Union County Docket indicates that Plaintiff was found guilty on May 14, 2013 after trial of Firearms not to be carried without a license, Terroristic threats and Simple assault. The charges stem from an arrest by Malcolm L. Herman, East Buffalo Township Police Department on October 13, 2011. On the same date, Plaintiff was also convicted of Simple assault and Terroristic threats which arose from an arrest by J. Frederick Hetrick, Jr. of the Lewisburg Police Department on September 23, 2011. Plaintiff was sentenced on August 15, 2013, the Court imposed four prison sentences of 6 months to 5 years and one prison sentence of 1 to 5 years. The sentence in CP-60-CR-0000026-2012 was to be served consecutive to CP-60-CR-0000023-2012 . (Court of Common Pleas of Union Criminal Docket Numbers CP-60-CR-0000023-2012 and CP-60-CR-0000026-2012).

The Union County Court Criminal Dockets indicate that Plaintiff filed a direct appeal of his convictions and sentences to the Superior Court on September 9, 2013. That appeal is currently pending. We find that the constitutional claims Plaintiff asserts against Defendants for malicious prosecution and false arrest/false imprisonment based on the charges for which he was convicted are *Heck* barred. The Unified Judicial Docket System does not indicate any other arrests or charges brought against Plaintiff by Defendants in any other dockets. Thus, insofar as Plaintiff is raising constitutional claims under §1983 against Defendants challenging the stated charges for which he was convicted and have not been overturned to date, we find that these claims are *Heck* barred. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994).

15

In *Heck*, the Supreme Court stated:

> A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487; *see also Kossler v. Crisanti,* 564 F. 3d 181, 187 (3d Cir. 2009).

In *Taylor v. JFC Staffing Assoc.*, 690 F. Supp. 2d 357, 375-77 (M.D. Pa. 2009), the Court stated:

> In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) the Supreme Court announced what is called the "favorable termination rule," which forecloses certain § 1983 actions for plaintiffs who have plead guilty to criminal charges. In *Heck,* the Supreme Court stated:
>
>> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... A claim for damages bearing relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.
>
> *Id*. at 486-87, 114 S.Ct. 2364 (emphasis in original). The final termination rule announced in Heck also bars those § 1983 claims that have the effect of impugning the underlying criminal conviction. *See Marable v. Pottsgrove Twp.,* 176 Fed.Appx. 275, 281 (3d Cir.2006).

Thus, insofar as Plaintiff is claiming Defendant officers maliciously prosecuted him and falsely arrested and imprisoned him in violation of the Fourth Amendment with respect to the charges filed against him, we find that these constitutional claims are *Heck* barred. As such, we will recommend that Plaintiff's constitutional claims against Defendants challenging the stated charges be dismissed until

Plaintiff has his sentences and convictions regarding the charges overturned on appeal in the state courts or by filing a habeas petition under 28 U.S.C. §2254.

Additionally, we do not find that Plaintiff has stated a claim for verbal harassment, including threats, as against Defendants for his allegations that Defendants laughed at him.

As the Court stated in *Aponte v. Karnes*, 2008 WL 360879, *3 (M.D. Pa.):

> It has been recognized that the use of words generally cannot constitute an assault actionable under § 1983. *Johnson v. Glick,* 481 F.2d 1028, 1033 n. 7 (2d Cir.1973), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973); *Maclean v. Secor,* 876 F.Supp. 695, 698-99 (E.D.Pa.1995); *Murray v. Woodburn,* 809 F.Supp. 383, 384 (E.D.Pa.1993) ("Mean harassment ... is insufficient to state a constitutional deprivation."); *Prisoners' Legal Ass'n v. Roberson,* 822 F.Supp. 185, 189 (D.N.J.1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983."); *Jones v. Superintendent,* 370 F.Supp. 488, 491 (W.D.Va.1974).
>
> Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. *Fisher v. Woodson,* 373 F.Supp. 970, 973 (E.D.Va.1973): *see also Balliet v. Whitmire,* 626 F.Supp. 219, 228-29 (M.D.Pa.) ("[v]erbal abuse is not a civil rights violation ...."), *aff'd,* 800 F.2d 1130 (3d Cir.1986). A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, *see Prisoners' Legal Ass'n,* 822 F.Supp. at 189, or under the Fifth Amendment's substantive due process clause, *see Pittsley v. Warish,* 927 F.2d 3, 7 (1st Cir.1991), *cert. denied,* 502 U.S. 879, 112 S.Ct. 226, 116 L.Ed.2d 183 (1991).
> Verbal harassment or threats, with some reinforcing act accompanying them, however, may state a constitutional claim. For example, a viable claim has been found if some action taken by the defendant escalated the threat beyond mere words. *See Northington v. Jackson,* 973 F.2d 1518 (10th Cir.1992) (guard put a revolver to the inmate's head and threatened to shoot); *Douglas v. Marino,* 684 F.Supp. 395 (D.N.J.1988) (prison employee threatened an inmate with a knife). It has also been found that verbal harassment can rise to a constitutional level in a situation where fulfillment of the threat was conditioned on the inmate's exercising some constitutionally protected right. *Bieros v. Nicola,* 860 F.Supp. 226, 233 (E.D.Pa.1994): *see also Prisoners' Legal Ass'n,* 822 F.Supp. at 189;

*Murray,* 809 F.Supp. at 384.

*See also Kimball v. Walters*, 2007 WL 87897, *7 (M.D. Pa.); *Boyle v. Klopotoski*, Civil No. 09-1158, M.D. Pa., J. Conaboy.

Thus, we will recommend that Plaintiff's claims that Defendants verbally harassed and threatened him be dismissed with prejudice.

**V.    RECOMMENDATION**.

Based on the foregoing discussion, we respectfully recommend that the Court:

1. **ALLOW TO PROCEED** Plaintiff's Fourth Amendment Excessive Force Claim against Defendant Jones only.

2. **DISMISS WITHOUT PREJUDICE** Defendant Lewisburg Borough Police Department to allow Plaintiff the opportunity to properly raise a *Monell* claim.

3. **DISMISS WITHOUT PREJUDICE** Plaintiff's claims for malicious prosecution and false imprisonment against Defendant.

3. **DISMISS WITH PREJUDICE** Plaintiff's request for monetary damages from Defendants in their official capacity.

4. **REMAND** this case to the undersigned for further proceedings.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: March 11, 2014**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL F. RUMMEL, | : | CIVIL ACTION NO. **4:14-CV-0268** |
| Plaintiff | : | (Judge Brann) |
| v. | : | (Magistrate Judge Blewitt) |
| LEWISBURG POLICE, *et al.*, | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 11, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objection to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                                                         s/ Thomas M. Blewitt
                                                                         **THOMAS M. BLEWITT**
                                                                         **United States Magistrate Judge**

**Dated: March 11, 2014**