IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL F. RUMMEL, | : | CIVIL ACTION NO. **4:14-CV-0268** |
| Plaintiff | : | (Judge Brann) |
| v. | : | (Magistrate Judge Blewitt) |
| LEWISBURG POLICE, et al., | : | |
| Defendants | : | |

FILED SCRANTON JUL 03 2014 PER ___ DEPUTY CLERK

## MEMORANDUM AND ORDER

**I.   BACKGROUND.**

On February 14, 2014, Plaintiff Daniel F. Rummel, an inmate confined at SCI-Albion located in Albion, Pennsylvania, filed, *pro se*, a civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* on that same date. **(Doc. 2).**

Plaintiff named the following Defendants in his three-paragraph form original Complaint: (1) Lewisburg Police; (2) Sgt. Hefrick; (3) Corp. M. Herman; (4) Ptl. Jones; and (5) Six (6) John Doe Defendants. (Doc. 1, p. 1). Plaintiff indicated that SCI-Albion's grievance procedure was not applicable to his claims because the claims did not involve conditions of confinement at SCI-Albion. (*Id.*, p. 2).

This Court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331 and § 1343(a).

On March 11, 2014, we screened Plaintiff's original Complaint as required by the PLRA and issued a Report and Recommendation (Doc. 8) with respect to Plaintiff's claims.

On March 25, 2014, Plaintiff filed his Objections (Doc. 9) to our Report and Recommendation.

On April 4, 2014, Plaintiff filed a Motion to Appoint Counsel **(Doc. 14)** and a Memorandum of Law in Support of Motion to Appoint Counsel (Doc. 15).

On April 21, 2014, before the Court ruled on our Report and Recommendation screening Plaintiff's original Complaint, Plaintiff filed a Motion for Leave to Amend his Complaint **(Doc. 16)** and a Proposed Amended Complaint (Doc. 17).

On June 27, 2014, the Court issued an Order and adopted our Report and Recommendation screening Plaintiff's original Complaint, stated the following: (1) United States Magistrate Judge Thomas M. Blewitt's Report and Recommendation is ADOPTED in full; (2) The action may proceed as to Defendant Jones on Plaintiff's Fourth Amendment Excessive Force claim; (3) The Lewisburg Borough Police Department is DISMISSED WITHOUT PREJUDICE, with leave to file an amended complaint to properly raise a *Monell* claim; (4) Plaintiff's malicious prosecution and false imprisonment claims are DISMISSED WITHOUT PREJUDICE with leave to re-file after the state proceedings have been terminated; (5) Plaintiff's demand for monetary damages against Defendants in their official capacity is DISMISSED WITH PREJUDICE; (6) The case is remanded to Magistrate Judge Blewitt for further proceedings, including disposition of ECF Nos. 2, 14, and 16. (Doc. 20, p. 2).

We will now address Plaintiff's Motion to Appoint Counsel. **(Doc. 14).** By separate Order, we will address Plaintiff's Motion for Leave to Amend his Complaint. **(Doc. 16).**

Also, when we decide on which pleading Plaintiff will be permitted to proceed and when we direct service on any remaining Defendant(s), we will rule on Plaintiff 's *in forma pauperis* Motion. **(Doc. 2).**

**II.   DISCUSSION.**

As stated, Plaintiff filed his Motion to Appoint Counsel and a Memorandum in Support on April 4, 2014. In his Doc. 14 Motion to Appoint Counsel, Plaintiff states the following reasons as to why the Court should appoint him counsel:

1. Plaintiff is impecunious whom cannot have counsel. In forma pauperis was granted in this matter.

2. Plaintiff['s] imprisonment will greatly limit their (sic) ability to litigate. The issues involved in this case are complex, and will require significant research and investigation. Plaintiff have (sic) once a week access to the law library and little knowledge of the law. Plaintiff have (sic) no experience with 28 U.S.C. §1983 (sic) litigation and the procedural rules are complex.

3. A trial in this matter will involve conflicting testimony, which an experience counsel can present direct evidence, and cross examine witnesses.

(Doc. 14).

Plaintiff also filed a Memorandum of Law in Support of his Motion to Appoint Counsel. (Doc. 15). There, Plaintiff cited numerous cases to support his Motion. Plaintiff's basic contention in his Memorandum is that he "is in need of a trained attorney to investigate his merit base constitutional claim and adequately prepare for trial. Plaintiff needs to gather affidavits from witnesses that were at the scene during the vicious, malicious attack, and to gather affidavits from hospital personnel." *(Id.*, p. 5). Thus, Plaintiff claims he needs an attorney appointed due to his lack of familiarity with trials and his need to gather

evidence.

Plaintiff does not have a constitutional right to appointed counsel. The Court in Gordon v. Gonzalez, 232 Fed. Appx. 153, 156 (3d Cir. 2007), stated:

> "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." Id. However, a district court does have discretionary authority to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "If the district court determines that the plaintiff's claim has arguable merit in fact and law, the court should then consider a number of additional factors that bear on the need for appointed counsel." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir.1993). Whether a district court chooses to request counsel depends on several factors, including: 1) the plaintiff's ability to present his or her own case; 2) the difficulty of the particular legal issues; 3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4) the plaintiff's capacity to retain counsel on his or her own behalf; 5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses. Montgomery, 294 F.3d at 499 (citing Tabron v. Grace, 6 F.3d at 155-57). This list of factors is not exhaustive. Tabron, 6 F.3d at 157.

(Internal footnote omitted).

Further, "a district court has 'broad discretion' to appoint counsel." Id.

Based on the Tabron factors, we find that Plaintiff's Document 14 Motion for Appointment of Counsel should be denied. As mentioned, the Court has allowed Plaintiff's case to proceed as to Defendant Jones with respect to his (Plaintiff's) Fourth Amendment excessive force claim. Plaintiff has filed a Motion to Amend his Complaint which is pending. Until any remaining Defendants have responded to Plaintiff's pleading, it is not yet clear if Plaintiff's claims have arguable merit. Also, the next factor weighs against the Plaintiff's Motion for Appointment of Counsel. That is, the Plaintiff has clearly demonstrated an ability

to present his own case based on his Complaint and his subsequent Motions. Further, Plaintiff's pleadings and Motions demonstrate that he can write proper English, present his arguments in an intelligent manner, and cite relevant law. Moreover, we do not agree with Plaintiff and find that there are no difficult and complex legal or factual issues involved in this case. In fact, we find that any factual investigation that the Plaintiff has to do is minimal, as it is clear based on his Complaint (Doc. 1) that Plaintiff is well aware of the basis of his claims. Additionally, it is does not appear that this case will require testimony from expert witnesses.

Also, insofar as Plaintiff states that he does not have the financial resources and time to properly prepare his case, it is premature to say if this case will go to trial. Even if this case does go to trial, Plaintiff is responsible for his own costs in prosecuting his case, including the costs of discovery and assembling the facts. Simply because Plaintiff is *pro se* and allegedly lacks financial resources, does not entitle him to conduct his discovery free of charge or paid by the government. See *Victor v. Lawler*, 2010 WL 2326248, *3-*4 (M.D. Pa. 6-2-10)(the law is well-settled that *pro se* litigant must pay for the expenses involved in their civil actions); *Copelin v. Rothermel*, Civil No. 09-2336, M.D. Pa. This is also true even if the Plaintiff is proceeding *in forma pauperis*.

In *Tabron v. Grace*, 6 F. 3d 147, 159 (3d Cir. 1993), the Third Circuit Court stated that "[t]here is no provision for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent

litigant." *See also Augustin v. New Century TRS Holding, Inc.*, 2008 WL 5114268 (W. D. Pa.)(Court denied request of indigent litigant who was proceeding *in forma pauperis* to direct the U.S. Marshal to serve subpoenas since no federal law existed authorizing court to order the payment of federal monies for the necessary expenses of a civil suit filed by an indigent litigant); *Reynolds v. Katz*, Civil No. 06-1400, M.D. Pa.

Thus, this Court has no authority to have government monies used to pay for Plaintiff's expenses in prosecuting his case. Also, the Court simply will not appoint Plaintiff an attorney so that the attorney will have to use his or her own money to prepare Plaintiff's case.

## III. CONCLUSION.

Based on the foregoing, we will issue an Order denying Plaintiff 's Motion to Appoint Counsel. (Doc. 14).

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: July 3, 2014**