## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL F. RUMMEL,                          :        CIVIL ACTION NO. **4:14-CV-0268**
                                           :
            Plaintiff                      :        (Judge Brann)
                                           :
      v.                                   :        (Magistrate Judge Blewitt)
                                           :
                                                    **FILED**
                                                    **SCRANTON**
LEWISBURG POLICE, et al.,                  :
                                           :        JUL 2 3 2014
            Defendants                     :
                        **MEMORANDUM AND ORDER**    Per_____
                                                         **DEPUTY CLERK**

I.    **BACKGROUND.**

       On February 14, 2014, Plaintiff Daniel F. Rummel, an inmate confined at SCI-Albion

located in Albion, Pennsylvania, filed, *pro se*, a civil rights action pursuant to 42 U.S.C. §1983.

(Doc. 1). Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* on that same date.

(Doc. 2). Plaintiff indicated that his Complaint was also filed as *Bivens* civil rights action against

federal officials pursuant to 28 U.S.C. § 1331.[1]

       Plaintiff named the following Defendants in his 4-page form original Complaint: (1)

Lewisburg Police;  (2) Sgt. Hefrick; (3) Corp. M. Herman; (4) Ptl. Jones; and (5) John Does 1-6.

(Doc. 1, p. 1). Defendant Hefrick was employed by the Lewisburg Police Department and

Defendant Herman was employed by the East Buffalo Township Police Department during the

_____

       [1]*See Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91
S.Ct. 1999 (1971).  Plaintiff's action falls within 28 U.S.C. § 1331 ("The district courts shall have
original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the
United States." (Emphasis added).
       However, Plaintiff's Complaint is not a *Bivens* action in addition to an action under
§1983 since he does not allege federal officials violated his constitutional rights. *See Butz v.
Economou,* 438 U.S. 478, 504, 98 S.Ct. 2894 (1978).

relevant times of this case.  Plaintiff did not indicate what Police Department employed Defendant Jones and the John Doe Defendants.[2]

Plaintiff indicated in his original Complaint that the DOC's grievance procedure was not applicable to his claims because they did not involve conditions of confinement at SCI-Albion. (*Id.*, p. 2).

This Court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331 and § 1343(a).

On March 11, 2014, we screened Plaintiff's original Complaint as required by the PLRA and issued a Report and Recommendation (Doc. 8) with respect to Plaintiff's claims.  On March 25, 2014, Plaintiff filed his Objections (Doc. 9) to our Report and  Recommendation.

On April 4, 2014, Plaintiff filed a Motion to Appoint Counsel (Doc. 14) and a Memorandum of Law in Support of Motion to Appoint Counsel (Doc. 15).  Plaintiff also filed a set of Interrogatories with this Court.[3]  (Doc. 13).

On April 21, 2014, before the Court ruled on our Report and Recommendation regarding Plaintiff's original Complaint, Plaintiff filed a Motion for Leave to Amend his Complaint (**Doc. 16**) and a Proposed Amended Complaint (Doc. 17).

---

[2]We note that on February 6, 2012, the Lewisburg Police Department consolidated with East Buffalo Township Police, forming the Buffalo Valley Regional Police Department. *See* http://www.lewisburgborough.org/police.htm.  As such, it appears that all individual Defendants are now employed by the Buffalo Valley Regional Police Department.

[3]Plaintiff must serve his Interrogatories on the remaining Defendants in this action. Plaintiff is not required to file his Interrogatories with this Court.  Further, we note that Plaintiff is responsible for identifying the John Doe Defendants so that they may be served with his pleading.

On June 27, 2014, the Court issued an Order and adopted our Report and Recommendation screening Plaintiff's original Complaint, stating the following: (1) United States Magistrate Judge Thomas M. Blewitt's Report and Recommendation is ADOPTED in full; (2) The action may proceed as to Defendant Jones on Plaintiff's Fourth Amendment Excessive Force claim; (3) The Lewisburg Borough Police Department is DISMISSED WITHOUT PREJUDICE, with leave to file an amended complaint to properly raise a *Monell* claim; (4) Plaintiff's malicious prosecution and false imprisonment claims are DISMISSED WITHOUT PREJUDICE with leave to re-file after the state proceedings have been terminated; (5) Plaintiff's demand for monetary damages against Defendants in their official capacity is DISMISSED WITH PREJUDICE; (6) The case is remanded to Magistrate Judge Blewitt for further proceedings, including disposition of ECF [Docs.] Nos. 2, 14, and 16.  (Doc. 20, p. 2).

On July 2, 2014, we issued a Memorandum (Doc. 21) and Order (Doc. 22) denying Plaintiff's Doc. 14 Motion to Appoint Counsel.  We will now address Plaintiff's Motion for Leave to Amend his Complaint **(Doc. 16)** as well as his Motion for Leave to Proceed *in forma pauperis* **(Doc. 2)**.

## II.   DISCUSSION.

As previously stated, on April 21, 2014, before the Court ruled on our Report and Recommendation screening Plaintiff's original Complaint, Plaintiff filed a Motion for Leave to Amend his Complaint **(Doc. 16)** and a Proposed Amended Complaint (Doc. 17).  To date, Plaintiff's original Complaint has not been served on remaining Defendants. Since Plaintiff filed his Motion for Leave to Amend his Complaint before Defendants were served with his original

Complaint, Plaintiff was not required to file a Motion for Leave to File an Amended Complaint.[4]
*See* Rule 15(a) of the Federal Rules of Civil Procedure and Local Rule 15.1, M.D. Pa.; *see also*
*Santos v. Bledsoe*, 2011 U.S. Dist. LEXIS 94260, 2011 WL 3739355 (M.D. Pa. 8-23-11).
Specifically, Plaintiff was not required to file a Motion for Leave to File an Amended Complaint,
together with a Proposed Amended Complaint because Defendants were not yet served with
his original Complaint. *See* Rule 15(a).   However, since Plaintiff filed a Motion to Amend his
Complaint, we will rule on it.

Under Rule 15(a), it is within the Court's discretion to grant or deny a request for leave
to file an amended pleading. Wright Miller & Kane, *Federal Practice & Procedure,* § 1504;
*Farmer v. Brennan*, 511 U.S. 825, 845, 114 S.Ct. 1970, 1983 (1994).  Furthermore, leave should
be freely granted when doing so will promote the economic and speedy disposition of the

---

[4]Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of pleadings and
provides as follows:

> **(a) Amendments Before Trial**
>> **(1)** *Amending as a Matter of Course.*  A party may amend its
>> pleading once as a matter of course within:
>>
>>> **(A) 21 days** after **serving** it, or
>>>
>>> **(B)** if the pleading is one to which a responsive pleading is
>>> required, **21 days** after service of a responsive pleading or
>>> **21 days** after service of a **motion** under **Rule 12(b)**
>>
>> **(2)** *Other Amendments.*  In all other cases, a party may
>> amend its pleading only with the opposing party's written
>> consent or the **court's** leave.  The **court** should freely give leave
>> when justice so requires.

Case 4:14-cv-00268-MWB   Document 23   Filed 07/23/14   Page 5 of 18

whole case, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the case. *Id.*

The grant or denial of a motion for leave to amend or supplement is committed to the sound discretion of the District Court. *Cureton v. NCAA*, 252 F. 3d 267, 272 (3d Cir. 2001). The Court is well aware Rule 15(a) mandates that leave to amend "shall be freely given when justice so requires," however, if the amendment would be futile, it should not be permitted. *See Forman v. Davis*, 371 U.S. 178, 182 (1982). The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Further, "prejudice to the non-moving party is the touchstone" for denying leave to file an amended complaint. *Cornell & Co., Inc. v. OSHA Review Comm'n.*, 573 F. 2d 820, 823 (3d Cir. 1978).

As stated above, the Court in its Doc. 20 Order adopted our Report and Recommendation (Doc. 8) in full in which we screened Plaintiff's original Complaint. Regarding Plaintiff's Fourth Amendment excessive force claim, we stated in our Report and Recommendation: "To the extent Plaintiff is attempting to allege excessive force against any of the other named or unnamed Defendants, we will recommend those claims be dismissed as Plaintiff's Complaint lacks allegations supporting an excessive force claim against any Defendant other than Jones." (Doc. 8, p. 9). Thus, we recommended Plaintiff's excessive force claim be allowed to proceed against Defendant Jones. Although not explicitly mentioned, the remaining Defendants were dismissed without prejudice with respect to Plaintiff's excessive force claim since Plaintiff failed to state their personal involvement with this claim.

5

In our Report and Recommendation, we also analyzed Plaintiff's claims against Defendant Lewisburg Police Department. There, we said Plaintiff failed to sufficiently allege his Fourth Amendment excessive force claim against Defendant Lewisburg Police Department because "Plaintiff has not alleged any facts that indicate this Defendant's involvement in this claim beyond that based on the theory of *respondeat superior*." (*Id.*, p. 11). Additionally, we found that Plaintiff failed to state a *Monell* claim, since "Plaintiff's allegations do not sufficiently state that Defendant Lewisburg Borough Police Department caused any alleged conduct of Defendants by having customs, policies, practices and procedures, and how these policies gave rise to violations of his constitutional rights." (*Id.*, p. 12-13). As such, we recommended Defendant Lewisburg Borough Police Department be dismissed without prejudice because we did not find futility in allowing Plaintiff to amend his Complaint to properly state a *Monell* claim. (*Id.*, p. 13).

Next, we considered in our Report and Recommendation whether Plaintiff's original Complaint stated any constitutional claims for false imprisonment and malicious prosecution. (*Id.*). We noted that on August 15, 2013, "the [state] Court imposed [on Plaintiff] four prison sentences of 6 months to 5 years and one prison sentence of 1 to 5 years." (*Id.*, p. 15). Further, we stated: "Plaintiff filed a direct appeal of his convictions and sentences to the Superior Court on September 9, 2013. That appeal is currently pending. We find that the constitutional claims Plaintiff asserts against Defendants for malicious prosecution and false arrest/false imprisonment based on the charges for which he was convicted are *Heck* barred." (*Id.*). Thus, we recommended that Plaintiff's claims for malicious prosecution and false imprisonment be

dismissed without prejudice "until Plaintiff has his sentences and convictions regarding the charges overturned on appeal in the state courts or by filing a habeas petition under 28 U.S.C. §2254." (*Id.*, pp. 16-17, 18).

Finally, we recommended that Plaintiff's request for monetary damages from Defendants in their official capacity be dismissed with prejudice. (*Id.*, p. 18).

As stated, the Court adopted our Doc. 8 Report and Recommendation in full. (Doc. 20). However, Plaintiff prematurely filed his Doc. 16 Motion for Leave to Amend his Complaint and his Doc. 17 Proposed Amended Complaint before the Court ruled on our Report and Recommendation regarding Plaintiff's original Complaint. We will now address Plaintiff's Doc. 16 Motion for Leave to Amend his Complaint and his Doc. 17 Proposed Amended Complaint to see whether it would be futile to allow Plaintiff to amend his original Complaint. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

In Plaintiff's Proposed Amended Complaint (Doc. 17), he again requests damages and injunctive relief. (*Id.*, p. 1). Plaintiff correctly asserts this Court has jurisdiction over his claims pursuant to 42 U.S.C. §§ 1331 and 1343(a). (*Id.*, p. 2). Plaintiff names the following Defendants in his Proposed Amended Complaint: (1) Defendant Malcom Herman, sued in his individual capacity; (2) Defendant Frederick Hefrick, sued in his individual capacity; (3) Defendant Jones[5], sued in his individual and official capacity; (4) Defendants John Does 1-6,

---

[5]Plaintiff again attempts to sue Defendant Jones in an official capacity in his Doc. 16 Motion for Leave to Amend his Complaint and Doc. 17 Proposed Amended Complaint, despite the fact that the Court dismissed with prejudice Plaintiff's request for monetary damages from Defendants in their official capacity. (Doc. 20).

sued in their individual capacity. (*Id.*, p. 2). Plaintiff requests compensatory damages in the amount of $1,500 jointly and severally against Defendants Jones, Herman, Hefrick, and John Does 1-5. (*Id.*, p. 5). Further, Plaintiff requests punitive damages in the amount of $500,000 against each Defendant.[6] (*Id.*).

In his original Complaint, Plaintiff alleged that on October 26, 2011, Defendant Jones physically assaulted him during a wrongful arrest, and physically abused him. Specifically, Plaintiff alleged that Defendant Jones slammed him into a deck rail, twisted his arm, injured his neck, and re-injured his wrist which was wrapped in a bandage. (Doc. 1, pp. 2-3). In his Proposed Amended Complaint, Plaintiff avers "Defendant Ptl. Jones engaged in misconduct when he handcuffed with excessive force a disability (sic) Plaintiff which resulted in re-injuries and injuries from physical assault, physical abuse, slamming a disable (sic) Plaintiff into a chest high deck rail, twisted his arm and re-injured his wrist was (sic) wrapped in a bandage." (Doc. 17, p. 3). Plaintiff further states his neck, wrist, and left shoulder were injured due to Defendant Jones' alleged excessive force. (*Id.*). With respect to Defendant Jones, Plaintiff claims violations of the "fourth (sic) and Eight (sic) amendment right to be exempt from excessive force and cruel with (sic) unusual punishment." (*Id.*, p. 4).

In *Graham v. Connor*, 490 U.S. 386, 394 (1989), the Supreme Court stated, "Where, as

---

[6]Again, we note that our Report and Recommendation indicated that Plaintiff could not request specific amounts of money damages. Plaintiff has similarly not fixed the deficiency in his Proposed Amended Complaint (Doc. 17) that was in his original Complaint (Doc. 1), as he has again requested specific monetary damages. Since Plaintiff seeks unliquidated damages, he cannot claim specific sums of relief. Pursuant to Local Rule 8.1, M.D. Pa.

here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment." *See Yarnall v. Mendez*, 509 F. Supp.2d 241 (D. Delaware 2007).  Therefore, insofar as Plaintiff is claiming a violation of excessive force during his arrest, this claim must be analyzed under the Fourth Amendment and not the Eighth Amendment.  As noted above, we recommended, and the Court adopted, our Report and Recommendation screening Plaintiff's original Complaint where we stated Plaintiff should be allowed to proceed against Defendant Jones regarding his Fourth Amendment excessive force claim.  Like Plaintiff's original Complaint, the Doc. 17 Proposed Amended Complaint sufficiently states the personal involvement of Defendant Jones with respect to Plaintiff's use of excessive force claim.  Thus, we will allow Plaintiff to Amend his Complaint as to the excessive force claim against Defendant Jones.

With respect to Defendants Herman, Hefrick, and John Does 1-6, Plaintiff's Proposed Amended Complaint (Doc. 17) raises a claim of failure to intervene.  (Doc. 17, p. 3-4).  Plaintiff avers that each of these Defendants "stood idle" while Defendant Jones engaged in excessive force against Plaintiff." (*Id.*).  Plaintiff concludes:

> "[t]he actions of each defendant (sic) that are being sued in their individual person (sic) failed to protect Plaintiff Daniel Rummel (sic) rights to be free from execessive (sic) force and cruel with (sic) unusual punishment when they stood idly by and watched as cheering spectors (sic) while defendant (sic) Jones thrashed a decrepit disable (sic) man that was no threat to the officer doing the deed, or to the officers standing idly by."

(*Id.*, p. 4).  Thus, as stated, Plaintiff appears to be raising a failure to intervene claim under the Fourth and Eighth Amendments against Defendants Herman, Hefrick, and John Does 1-6.

9

In *Smith v. Mensinger*, 293 F.3d 641, 650-51 (3d Cir. 2002), the Third Circuit stated:

> Courts have held that a police officer has a duty to take reasonable steps to protect a victim from another officer's use of excessive force, even if the excessive force is employed by a superior. "If a police officer, whether supervisory or not, fails or refuses to intervene when an constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983." *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986); *accord Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981); *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972). However, an officer is only liable if there is a realistic and reasonable opportunity to intervene. *See Clark*, 783 F.2d at 1007 (instructing the district court upon remand to determine whether the officer was in a position to intervene); *Brishke*, 466 F.2d at 11 (liability for failure to intervene exists only if the beating occurred in the officer's presence or was otherwise within his knowledge); *Putman*, 639 F.2d at 423-24 (liability exists only if the non-intervening officer saw the beating or had time to reach the offending officer).

Specifically, we stated in *Shiloh v. Does*, 2013 U.S. Dist. LEXIS 131101, 31 (M.D. Pa. Apr. 19, 2013) that:

> In order to properly allege a failure to intervene in the presence of an excessive force Fourth Amendment violation, a plaintiff must allege that: (1) the police officer failed or refused to intervene when a constitutional violation took place in his or her presence or with his or her knowledge; and (2) there was a "realistic and reasonable opportunity to intervene." *See Smith v. Mensinger*, 293 F.3d 641, 650-51 (3d Cir. 2002).

Thus, it is clear that to the extent that Plaintiff is raising a failure to intervene claim regarding his arrest, such a claim is properly analyzed only under the Fourth Amendment.

Although Plaintiff may have tried to allege a failure to intervene claim under the Fourth Amendment in his original Complaint, we did not specifically discuss such a claim in our Doc. 8 Report and Recommendation. However, we stated in our Doc. 8 Report and Recommendation that Plaintiff's original Complaint was not clear. Additionally, we did state in our Doc. 8 Report

and Recommendation that Plaintiff failed to state the personal involvement of any Defendant other than Defendant Jones with respect to his constitutional claims and that all of the Defendants, other than Jones, should be dismissed on this basis.  (Doc. 8, pp.  8-9).

We now consider  Plaintiff's Proposed Amended Complaint (Doc. 17) insofar as it attempts to state a claim of failure to intervene against Defendants Herman, Hefrick, and John Does 1-6.

We find that Plaintiff's Motion for Leave to Amend (Doc. 16) should be granted, in part, because the Proposed Amended Complaint (Doc. 17) is sufficient as to a failure to intervene claim against Defendants Herman, Hefrick, and John Does 1-6.  To state a claim for failure to intervene under the Fourth Amendment, an individual must show: (1) the police officer failed or refused to intervene when a constitutional violation took place in his or her presence or with his or her knowledge; and (2) there was a "realistic and reasonable opportunity to intervene." *See Smith v. Mensinger*, 293 F.3d 641, 650-51 (3d Cir. 2002).  Further, it is well-settled in the Third Circuit that, for a § 1983 claim to be adequately pled, the complaint's allegations must show that each named defendant was personally involved in the alleged constitutional deprivations. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976).  As the Court stated in *Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.  (Citations omitted.).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode*, 845 F.2d at 1208.

We find that Plaintiff Rummel alleges with enough factual specificity the required elements to state a claim of failure to intervene under the Fourth Amendment against Defendants Herman, Hefrick, and John Does 1-6. In Plaintiff's original Complaint, he stated: "The seven others stood by and watched while laughing." (Doc. 1, p. 2). In Plaintiff's Proposed Amended Complaint, he specifically contends that each Defendant "stood idle" while Defendant Jones used excessive force during Plaintiff's arrest. (Doc. 17, pp. 3-4, ¶'s 10-13). Further, Plaintiff states, "when [Defendants] stood idly by and watched as cheering spectors (sic) while defendant (sic) Jones thrashed a decrepit disable (sic) man." (*Id.*, p. 4). Plaintiff has sufficiently pleaded that the stated eight (8) officers failed or refused to intervene when a constitutional violation allegedly took place because he states they watched and stood idly by while he was being "thrashed." Further, Plaintiff has pleaded there was a realistic and reasonable opportunity to intervene because the officers allegedly stood by and watched as cheering spectators. As such, we find that Plaintiff should be allowed to Amend his Complaint as to a failure to intervene claim against Defendants Herman, Hefrick, and John Does 1-6.

Plaintiff's Proposed Amended Complaint also names the Lewisburg Borough Police Department as a Defendant. (Doc. 17, p. 1). Plaintiff's original Complaint (Doc. 1) did not assert any constitutional allegations against Defendant Lewisburg Police Department. In our

12

Doc. 8 Report and Recommendation,  we stated: "Plaintiff does not directly state any facts involving the Defendant Lewisburg Police Department anywhere in his Complaint, but rather only names the Lewisburg Police Department as a Defendant on page 1 of his Complaint in the Defendants section." (Doc. 8, p. 8).  Plaintiff's Proposed Amended Complaint does not mention the Lewisburg Police Department in the Section identifying his Defendants, but only lists the Lewisburg Police Department as a Defendant in his caption.  (Doc. 17, p. 1).  With respect to Defendant Lewisburg Borough Police Department, we stated in our Doc. 8 Report and Recommendation Plaintiff did not allege "any facts that indicate this Defendant's involvement in his claim beyond that based on the theory of *respondeat superior*." (Doc. 8, p. 11).  Further, we analyzed Defendant Lewisburg Police Department under *Monell*, and stated: "No such custom or policy is specifically alleged by Plaintiff with respect to Defendant Lewisburg Borough Police Department." (*Id.*, p. 12).  As such, we recommended Defendant Lewisburg Borough Police Department be dismissed without prejudice because we did not find futility in allowing Plaintiff to amend his Complaint to properly state a *Monell* claim.  (*Id.*, p. 13).

With respect to Defendant Lewisburg Borough Police Department, Plaintiff's Proposed Amended Complaint (Doc. 17) is nearly identical to his original Complaint (Doc. 1).  That is, Plaintiff does not mention any allegations against Defendant Lewisburg Borough Police Department at all.  Rather, it appears that Plaintiff has again named Defendant Lewisburg Borough Police Department as a Defendant in his Proposed Amended Complaint based on the doctrine of *respondeat superior*, since some of the other named Defendants were employed by it.  However, as we said in our Report and Recommendation (Doc. 8), "Defendant Lewisburg

13

Police Department cannot be held liable for the conduct of persons it supervises pursuant to

*respondeat superior. Meyers v. Schuylkill Co. Prison*, 2006 WL 559467, *9 (M.D.Pa.)." (Doc. 8,

p. 11-12). The Court agreed with our finding in our Doc. 8 Report and Recommendation with

respect to the Lewisburg Police Department.

As we stated in our Doc. 8 Report and Recommendation, Defendant Lewisburg Borough

Police Department is subject to liability in a §1983 action "to the extent [it] maintain[ed] an

unconstitutional custom or policy that caused the alleged constitutional violation." *Id.* (citation

omitted). *See also Monnell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56

L.Ed.2d 611 (1978).

In *Mangus*, the Court stated:

> With respect to such institutional defendants it is clear that a County cannot be
> held liable for the unconstitutional acts of its employees on the theory of
> *respondeat superior. See Monnell v. Department of Social Servs.*, 436 U.S. 658,
> 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Instead, [a plaintiff] must
> demonstrate that the violation of his rights was caused by either a policy or a
> custom of the [county]. *See Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir.
> 1996). *Berg v. County of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000).

2010 WL 521114, *3.

With respect to a potential *Monell* claim, we said in our Doc. 8 Report and

Recommendation that: "No such custom or policy is specifically alleged by Plaintiff with respect

to Defendant Lewisburg Police Department. Plaintiff does not make any allegations as

described above against Defendant Lewisburg Police Department necessary to make it subject

to liability in this case." (Doc. 8, p. 12). Thus, we recommended that Defendant Lewisburg

Borough Police Department be dismissed without prejudice because we did not find futility in allowing Plaintiff to amend his Complaint to properly state a *Monell* claim.

Plaintiff's Proposed Amended Complaint (Doc. 17) clearly does not cure the deficiencies as to a *Monell* claim against Defendant Lewisburg Borough Police Department which were in his original Complaint (Doc. 1). Rather, Plaintiff explicitly admits in his Proposed Amended Complaint (Doc. 17) that no *Monell* claim can be established. Plaintiff states the Defendants "violated department policies and customs that does (sic) not condone excessive force against non-threatening citizen (sic) upon arrest. Or, failing to desist excessive force." (Doc. 17, p. 3). Further, Plaintiff states "[t]his idle act violated customs and policies of the department that gives sergeants authority to intervene to stop desist (sic) excessive force." (*Id.*). Finally, "[t]he actions of each defendant violated department policies, customs, and state statute (sic) with constitutional law." (*Id.*, p. 4).

We again note that Defendant Lewisburg Police Department is subject to liability in a §1983 action "to the extent [it] maintain[ed] an unconstitutional custom or policy that caused the alleged constitutional violation." *Id.* (citation omitted). *See also Monell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Based on Plaintiff's alleged facts in his Proposed Amended Complaint and the above-stated law, we find it is abundantly clear that Plaintiff has not properly stated a proper *Monell* claim. In fact, Plaintiff has done the exact opposite. That is, Plaintiff has admitted in his Proposed Amended Complaint (Doc. 17) that Defendant Lewisburg Police Department has customs and policies in place that *do not* deprive individuals of their constitutional rights. Therefore, we find futility in granting

Plaintiff's Motion for Leave to Amend his Complaint (Doc. 16) as to a *Monell* claim against

Defendant Lewisburg Police Department. *See Forman v. Davis*, 371 U.S. 178, 182 (1982);

*Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

We also analyzed Plaintiff's original claims for false imprisonment and malicious

prosecution in our Doc. 8 Report and Recommendation. (Doc. 8, p. 13). At the time, we took

judicial notice of Plaintiff's Union County Criminal Docket that indicated Plaintiff had filed a

direct appeal of his convictions and sentences, in which Defendants were involved, to the

Pennsylvania Superior Court, which were still pending. (*Id.*, p. 15). We stated: "insofar as

Plaintiff is claiming Defendant officers maliciously prosecuted him and falsely arrested and

imprisoned him in violation of the Fourth Amendment with respect to the charges filed against

him, we find that these constitutional claims are *Heck* barred." (*Id.*, p. 16). The Court agreed

with our finding. (Doc. 20).

Although Plaintiff does not mention a false arrest claim in his Proposed Amended

Complaint (Doc. 17), we take notice that Plaintiff's appeal of his convictions to the Superior

Court has now been decided.[7] On June 11, 2014, the Superior Court affirmed Plaintiff's Union

County convictions and sentences. Thus, insofar as Plaintiff, in his Proposed Amended

Complaint, is raising constitutional claims under §1983 against Defendants challenging his arrest

and the stated criminal charges for which he was convicted and have not been overturned to

---

[7]We take judicial notice of the Pennsylvania state court docket sheet in this matter,
which are available through Pennsylvania's Unified Judicial Docket System docket research at
https://ujsportal.pacourts.us/, Pennsylvania Appellate Docket Number: 1702 MDA 2013.
    We also note that according to Plaintiff's Union County Court Criminal Docket, the date
of his criminal offenses was October 13, 2011.

date, we again find that these claims are *Heck* barred. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994).

In *Heck*, the Supreme Court stated:

> A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 487; *see also Kossler v. Crisanti*, 564 F. 3d 181, 187 (3d Cir. 2009).

In *Taylor v. JFC Staffing Assoc.*, 690 F. Supp. 2d 357, 375-77 (M.D. Pa. 2009), the Court stated:

> In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) the Supreme Court announced what is called the "favorable termination rule," which forecloses certain § 1983 actions for plaintiffs who have plead guilty to criminal charges. In *Heck*, the Supreme Court stated:
>
> > [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... A claim for damages bearing relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.
>
> *Id.* at 486-87, 114 S.Ct. 2364 (emphasis in original). The final termination rule announced in Heck also bars those § 1983 claims that have the effect of impugning the underlying criminal conviction. *See Marable v. Pottsgrove Twp.*, 176 Fed.Appx. 275, 281 (3d Cir.2006).

As stated, Plaintiff's Union County convictions and sentences were recently affirmed by

the Pennsylvania Superior Court.  Plaintiff does not explicitly state claims of malicious

prosecution or false arrest in his Doc. 17 Proposed Amended Complaint.  However, to the

extent he is attempting to re-assert malicious prosecution and/or false arrest claims in his

Proposed Amended Complaint, we find they are still *Heck* barred.

## III.    CONCLUSION.

Based on the foregoing, we will issue an Order granting, in part, and denying, in part,

Plaintiff's Motion for Leave to Amend his Complaint.[8]  **(Doc. 16).**

An appropriate Order will be issued.


**THOMAS M. BLEWITT**
**United States Magistrate Judge**


Dated:  July 3, 2014

---

[8]By separate Order, we will grant Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) and will direct service of Plaintiff's Amended Complaint on Defendant Jones, Herman, Hefrick, and John Does 1-6.