IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL F. RUMMEL, | : | CIVIL ACTION NO. **4:14-CV-0268** |
| | : | |
| Plaintiff | : | (Judge Brann) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| LEWISBURG POLICE, et al., | : | |
| | : | |
| Defendants | : | |

FILED
SCRANTON
DEC 2 3 2014
PER _____
DEPUTY CLERK

On February 14, 2014, Plaintiff Daniel F. Rummel, an inmate confined at SCI-Albion located in Albion, Pennsylvania, filed, *pro se*, a civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* on that same date. (Doc. 2).

Plaintiff named the following Defendants in his three-paragraph  form original Complaint: (1) Lewisburg Police;  (2) Sgt. Hefrick; (3) Corp. M. Herman; (4) Ptl. Jones; and (5) Six (6) John Doe Defendants. (Doc. 1, p. 1). Plaintiff indicated that SCI-Albion's grievance procedure was not applicable to his claims because the claims did not involve conditions of confinement at SCI-Albion. (*Id.*, p. 2).

This Court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331 and § 1343(a).

On March 11, 2014, we screened Plaintiff's original Complaint as required by the PLRA and issued a Report and Recommendation (Doc. 8) with respect to Plaintiff's claims.  On March 25, 2014, Plaintiff filed his Objections (Doc. 9) to our Report and  Recommendation.

On April 4, 2014, Plaintiff filed a Motion to Appoint Counsel (Doc. 14) and a Memorandum of Law in Support of his Motion to Appoint Counsel (Doc. 15) which was denied by the Court on July 3, 2014.  (Docs. 21 & 22).

On April 21, 2014, before the Court ruled on our Report and Recommendation screening Plaintiff's original Complaint, Plaintiff filed a Motion for Leave to Amend his Complaint (Doc. 16) and a Proposed Amended Complaint (Doc. 17).

On June 27, 2014, the Court issued an Order and adopted our Report and Recommendation screening Plaintiff's original Complaint, stated the following: (1) United States Magistrate Judge Thomas M. Blewitt's Report and Recommendation is ADOPTED in full; (2) The action may proceed as to Defendant Jones on Plaintiff's Fourth Amendment Excessive Force claim; (3) The Lewisburg Borough Police Department is DISMISSED WITHOUT PREJUDICE, with leave to file an amended complaint to properly raise a *Monell* claim; (4) Plaintiff's malicious prosecution and false imprisonment claims are DISMISSED WITHOUT PREJUDICE with leave to re-file after the state proceedings have been terminated; (5) Plaintiff's demand for monetary damages against Defendants in their official capacity is DISMISSED WITH PREJUDICE; (6) The case is remanded to Magistrate Judge Blewitt for further proceedings, including disposition of ECF Nos. 2, 14, and 16. (Doc. 20, p. 2).

On July 23, 2014, Plaintiff's Motion for Leave to Amend his Complaint was granted in part, and denied in part.  (Doc. 24).  On July 23, 2014, Plaintiff's motion to proceed *in forma pauperis* was granted and service was directed to issue process to the United States to serve Plaintiff's Amended Complaint.  (Doc. 26).

2

On November 10, 2014, Defendants Hefrick, Jones and the Lewisburg Police Department filed a Motion for More Definite Statement and to Dismiss. (Doc. 40). On November 10, 2014, Defendant Herman filed a Motion to Dismiss. (Doc. 42). Both motions to dismiss are currently pending before the Court. On December 15, 2014, Plaintiff filed a second Motion to Appoint Counsel and a Motion to Compel Discovery. (**Docs. 45 & 46**). We will now address Plaintiff's Motion to Appoint Counsel. (**Doc. 45**). We will further address Plaintiff's Motion to Compel Discovery. (**Doc. 46**).

## II.     DISCUSSION.

As stated, Plaintiff filed his Motion to Appoint Counsel and a Memorandum in Support on December 15, 2014. In his Doc. 45 Motion to Appoint Counsel, Plaintiff states the following reasons as to why the Court should appoint him counsel:

1.     Both the District Attorney of Union County and the Police Chief were properly notified by mail of the wrong doings of the many police officers involved. Therefore a time limit was met. The fact that the trial process covered an approximate time of September 2011 to August 2013 hindered my ability to bring the matter to a higher court. It's unfortunate the lower court and officials hindered my accounts and attorney's purposely avoided the issues for whatever reasons.

2.     Due to the nature of the Law Firms, Lavery Faherty and Margolis Edlestein and their attemps to dismiss, an attorney for myself is more than necessary to address the very serious concerns I bring to the Honorable Court, and that America is currently facing thruout the entire country, some of which resulted in Death, plaintiff motions to the Honorable Court to proceed and appoint counsel.

(Doc. 45).

Plaintiff does not have a constitutional right to appointed counsel. The Court in *Gordon v. Gonzalez*, 232 Fed. Appx. 153, 156 (3d Cir. 2007), stated:

3

> "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Id.* However, a district court does have discretionary authority to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "If the district court determines that the plaintiff's claim has arguable merit in fact and law, the court should then consider a number of additional factors that bear on the need for appointed counsel." *Tabron v. Grace,* 6 F.3d 147, 155 (3d Cir.1993). Whether a district court chooses to request counsel depends on several factors, including: 1) the plaintiff's ability to present his or her own case; 2) the difficulty of the particular legal issues; 3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4) the plaintiff's capacity to retain counsel on his or her own behalf; 5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses. *Montgomery,* 294 F.3d at 499 (citing *Tabron v. Grace,* 6 F.3d at 155-57). This list of factors is not exhaustive. *Tabron,* 6 F.3d at 157.

(Internal footnote omitted).

Further, "a district court has 'broad discretion' to appoint counsel." *Id.*

Based on the *Tabron* factors, we find that Plaintiff's Document 45 Motion for Appointment of Counsel should be denied. As mentioned, the Court has allowed Plaintiff to proceed on his Amended Complaint. Specifically, we allowed Plaintiff to proceed as to Defendant Jones with respect to his Fourth Amendment excessive force claim. (Doc. 24). Furthermore, Plaintiff is allowed to proceed as to Defendants Hefrick, Herman, and John Does 1-6 with respect to his Fourth Amendment failure to intervene claim. (*Id.*). Until the outstanding motions to dismiss have been adjudicated, it is not yet clear if Plaintiff's claims have arguable merit. Also, the next factor weighs against the Plaintiff's Motion for Appointment of Counsel. That is, the Plaintiff has clearly demonstrated an ability to present his own case based on his Complaint, Amended Complaint and his subsequent Motions. Further, Plaintiff's pleadings and Motions demonstrate that he can write proper English, present his arguments in an intelligent manner, and cite relevant law.

Moreover, we do not find that there are difficult and complex legal or factual issues involved in this case. In fact, we find that any factual investigation that the Plaintiff has to do is minimal, as it is clear based on his Amended Complaint (Doc. 25) that Plaintiff is well aware of the basis of his claims. Additionally, it is does not appear that this case will require testimony from expert witnesses.

Also, insofar as Plaintiff does not have the financial resources and time to properly prepare his case, it is premature to say if this case will go to trial. Even if this case does go to trial, Plaintiff is responsible for his own costs in prosecuting his case, including the costs of discovery and assembling the facts. Simply because Plaintiff is *pro se* and allegedly lacks financial resources, does not entitle him to conduct his discovery free of charge or paid by the government. *See Victor v. Lawler*, 2010 WL 2326248, *3-*4 (M.D. Pa. 6-2-10)(the law is well-settled that *pro se* litigant must pay for the expenses involved in their civil actions); *Copelin v. Rothermel*, Civil No. 09-2336, M.D. Pa. This is also true even if the Plaintiff is proceeding *in forma pauperis*.

In *Tabron v. Grace*, 6 F. 3d 147, 159 (3d Cir. 1993), the Third Circuit Court stated that "[t]here is no provision for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *See also Augustin v. New Century TRS Holding, Inc.*, 2008 WL 5114268 (W. D. Pa.)(Court denied request of indigent litigant who was proceeding *in forma pauperis* to direct the U.S. Marshal to serve subpoenas since no federal law existed authorizing court to order the payment of federal monies

5

for the necessary expenses of a civil suit filed by an indigent litigant); *Reynolds v. Katz*, Civil No. 06-1400, M.D. Pa.

Thus, this Court has no authority to have government monies used to pay for Plaintiff's expenses in prosecuting his case. Also, the Court simply will not appoint Plaintiff an attorney so that the attorney will have to use his or her own money to prepare Plaintiff's case. Thus, we will deny Plaintiff's Motion to Appoint Counsel. (**Doc. 45**).

Next, we will address Plaintiff's Motion to Compel Discovery. (**Doc. 46**). It appears that Plaintiff has filed interrogatories addressed to Defendants Hetrick and Jones in the form of a motion to compel discovery. We must caution Plaintiff that he must follow the Federal Rules of Civil Procedure and the Local Rules of this Court with regard to discovery and provide appropriate service to Defendants. The pertinent Federal Rules and Local Rules of Court were provided to Plaintiff. (Doc. 4-1).

The Court stated as follows in *Korescko v. Bleiweis*, 2004 WL 2005785, * 1 (E.D. Pa.):

> The Federal Rules of Civil Procedure are liberal with respect to discovery, permitting the requesting party to obtain even inadmissible material, as long as it is relevant to the claim or defense of any party, unprivileged, and reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1).
>
> Federal Rule 33 requires a party served with interrogatories to respond to each within 30 days after they were served. Rule 33(b)(1) and (3). The party serving the interrogatories may move under Rule 37(a) to compel an answer to an interrogatory to which the receiving party has objected or which it has otherwise failed to answer. Rule 33(b)(5).
>
> Similarly, Federal Rule 34 requires that a party served with a document request either produce the requested documents or else state a specific objection for each item or category objected

to. Here, again, if the party served fails to respond adequately
to a document request, the serving party may file a
motion to compel under Rule 37(a).  Fed.R.Civ.P. 34(b), 37(a)(1)(B).

In *Paluch v. Dawson*, 2007 WL 4375937, * 2 (M.D. Pa.), the Court stated:

> Federal Rule of Civil Procedure 37 allows a party who has
> received evasive or incomplete discovery responses to seek a court
> order compelling additional disclosure or discovery. The party seeking
> the order to compel must demonstrate the relevance of the information
> sought. The burden then shifts to the opposing party, who must
> demonstrate in specific terms why a discovery request does not fallwithin the
> broad scope of discovery or is otherwise privileged or
> improper. *Goodman v. Wagner*, 553 F.Supp. 255, 258 (E.D. Pa.1982).

In light of the fact that there are two pending motions to dismiss filed by Defendants and

Plaintiff has not indicated that discovery was served on Defendants for their response, we find that

Plaintiff's Motion to Compel should be dismissed.

## III.   CONCLUSION.

Based on the foregoing, we will issue an Order denying Plaintiff 's Motion to Appoint

Counsel. (**Doc. 45**).  Furthermore, will deny Plaintiff's Motion to Compel Discovery.  (**Doc. 46**).

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: December 23 2014