IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL F. RUMMEL, | : | Case No. 4:14-CV-00268 |
| Plaintiff | : | (Judge Brann) |
| v. | : | |
| LEWISBURG POLICE, SGT. HEFRICK,[1] CORP. M. HERMAN, PTL. JONES, and DOES 1-6 | : | (Chief Magistrate Judge Carlson) |
| Defendants | : | |

## MEMORANDUM

July 2, 2015

**BACKGROUND:**

On February 14, 2014, *pro se* Plaintiff Daniel Rummel filed a complaint (ECF No. 1) against the afore-named Defendants alleging, *inter alia*, the use of excessive force in the course of his October 26, 2011 arrest. Magistrate Judge Thomas M. Blewitt conducted the initial screening of this complaint, which led to a March 11, 2014 report and recommendation that many of the claims and defendants be dismissed (ECF No. 8). This Court adopted this recommendation

---

[1] Defendant listed as "SGT. HEFRICK" is actually SGT. HETRICK (ECF No. 40).

1

<pre>
</pre>

(ECF No. 20) on June 27, 2014 and Plaintiff was permitted to file an amended complaint. He did so on July 23, 2014 (ECF No. 25). The amended complaint reprised Plaintiff's excessive force claim, but omitted reference to *when* the incident occurred (Id.).

Defendants filed a motion for more definite statement and a motion to dismiss the amended complaint (ECF Nos. 40 and 42, respectively) on November 10, 2014. These motions pointed out the factual ambiguity of the amended complaint and raised the bar of the statute of limitations (Id.). On January 26, 2015, Plaintiff responded to these motions but again omitted reference as to when the incident occurred (ECF No. 53), leading to a January 27, 2015 report and recommendation from Chief Magistrate Judge Martin C. Carlson (ECF No. 54), to whom the case had been reassigned after Judge Blewitt's retirement.

In his report and recommendation, Chief Magistrate Judge Carlson recommended that Defendants' motion for more definite statement be granted, that Defendant's motion to dismiss be granted, and that Plaintiff be given 20 days to file a second amended complaint (Id.).

Three days later, on January 30, 2015, without having received Chief Magistrate Judge Carlson's report and recommendation, Plaintiff filed a motion for leave to file a second amended complaint, along with a copy of said complaint

(ECF Nos. 55 and 56). This prompted Chief Magistrate Judge Carlson to file a second report and recommendation (ECF No. 57) on February 2, 2015, recommending that Plaintiff's motion for leave to file a second amended complaint (ECF No. 55) be denied without prejudice so that Plaintiff could be "directed to endeavor to draft an amended complaint which addresses the legal obstacle of the statute of limitations" (ECF No. 57) as outlined in the prior report and recommendation that Chief Magistrate Judge Carlson had filed.

Plaintiff responded to Chief Magistrate Judge Carlson's final report and recommendation (ECF No. 57) by filing a "motion in objection(s) to the Magistrate's findings and recommendations" (sic) (ECF No. 58), and a "motion to amend record, and proceed with relief under 42 U.S.C. §1983" (ECF No. 60). As a result, this Court has reviewed *de novo* both of Chief Magistrate Judge Carlson's reports and recommendations on Plaintiff's complaint.

**DISCUSSION**

The United States Court of Appeals for the Third Circuit has made it clear that since 42 U.S.C. §1983 does not include a statute of limitations, civil rights claims are subject to the applicable statute of limitations of the pertinent state. *See* Smith v. Delaware County Court, 260 F. App'x. 454, 455 (3rd Cir. 2008) and

Cowell v. Palmer Township, 263 F.3d 286, 292 (3rd Cir. 2001). In the instant case, Plaintiff is alleging personal injury due to the use of excessive force (ECF Nos. 1, 25, 56 and 60). Thus, Pennsylvania's two-year statutory period, as delineated in 42 Pa.C.S.A. §5524, applies. Lake v. Arnold, 232 F.3d 360, 368 (3rd Cir. 2000).

According to the initial complaint, filed February 14, 2014, Plaintiff leveled claims against Defendants relating to matters that had occurred 28 months prior to the filing of said complaint. As such, these events occurred well beyond the two-year statute of limitations that is applicable to such tort claims.

In both of his reports and recommendations (ECF Nos. 54 and 57), Chief Magistrate Judge Carlson admonished Plaintiff to clearly reference the date of the alleged use of excessive force. While Plaintiff's second amended complaint (ECF No. 55) failed to reference said date, this Court construes the oversight to be a result of Plaintiff's failure to receive the first report and recommendation (ECF No. 54) prior to the filing of the second amended complaint.

Once he received and read Chief Magistrate Judge Carlson's report and recommendations (ECF Nos. 54 and 57), Plaintiff filed a "motion in objection(s) to the Magistrate's findings and recommendations" (sic) (ECF No. 58), and a "motion to amend record, and proceed with relief under 42 U.S.C. §1983" (ECF No. 60). In

the latter motion, Plaintiff once again verifies (albeit vaguely) that the alleged use of excessive force occurred on October 26, 2011 (ECF No. 60 at *4 ¶3).

Courts hold that the statute of limitations on an excessive use of force claim arising from the plaintiff's arrest begins to run when the incident occurs. *See* Walters v. Muhlenburg Township Police Department, F. App'x 213, 216 (3rd Cir. 2013); , F. App'x 213, 216 (3rd Cir. 2013); Large v. County of Montgomery, 307 F. App'x 606, 607 (3rd Cir. 2009) ("…it is apparent that Large was aware of his alleged mistreatment as it occurred on the date of his arrest…"). Given that both Plaintiff's original complaint and latest motion clearly reference October 26, 2011, the date of his arrest, as the date that the alleged use of excessive force occurred, and that Plaintiff's trial noted October 26, 2011 as the actual date he was arrested (Commonwealth v. Rummel, CP-60-0000023-2012.), it is obvious that Plaintiff "was aware of his alleged mistreatment as it occurred on the date of his arrest" (Id.).

**CONCLUSION**

In light of these facts, this Court finds that Plaintiff filed his original complaint 28 months after the alleged use of excessive force during the course of his arrest on October 26, 2011. Accordingly, his claim is barred by the statute of

limitations. This Court will adopt Chief Magistrate Judge Carlson's January 27, 2015 recommendation (ECF No. 54) that Defendants' motions to dismiss the first amended complaint be GRANTED. Likewise, this Court will adopt Chief Magistrate Judge Carlson's February 2, 2015 recommendation (ECF No. 57) that Plaintiff's motion for leave to file a second amended complaint (ECF No. 55) be DENIED. However, despite the Chief Magistrate Judge's recommendation that this Court grant further leave to amend, given that the date of Plaintiff's arrest is well documented as October 26, 2011, some 28 months prior to the filing of his first complaint in this district, this Court will not grant further leave to amend, as amendment will be futile, and will dismiss Plaintiff's amended complaints (ECF Nos. 25 and 56) with prejudice.

/s Matthew W. Brann  
Matthew W. Brann  
United States District Judge